**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 28 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PEDRO ANTONIO MELENDEZ, | No.   18-71050 |
| Petitioner, | Agency No. A070-030-913 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 21, 2022[**]
Anchorage, Alaska

Before:  HURWITZ, BRESS, and H. THOMAS, Circuit Judges.

Pedro Antonio Melendez petitions for review of a decision by the Board of

Immigration Appeals ("BIA") dismissing his appeal from an order by an

Immigration Judge ("IJ") denying asylum, withholding of removal, and protection

under the Convention Against Torture ("CAT").  We have jurisdiction under 8

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1252 and deny the petition.

1. The IJ denied relief after making an adverse credibility determination. An adverse credibility determination may be based on "the consistency between an applicant's statements and other evidence in the record." *Iman v. Barr*, 972 F.3d 1058, 1064–65 (9th Cir. 2020). The IJ cited several inconsistencies between Melendez's testimony and his written declaration. Most significantly, the IJ observed that, although Melendez testified that his uncle was kidnapped and killed by guerrillas in 1982, his written application for asylum made no mention of these facts. The omission from Melendez's written application of this alleged killing, which the IJ stated was "one of the most important parts to his claim," is not a mere "detail," but instead tells "a much different—and more compelling—story of persecution than the initial application," *Silva-Pereira v. Lynch*, 827 F.3d 1176, 1185 (9th Cir. 2016) (cleaned up). The record thus does not "compel the conclusion that the omission[] [was] immaterial." *Id*. at 1186 (quoting *Kin v. Holder*, 595 F.3d 1050, 1057 (9th Cir. 2020)). The credibility finding was supported under the "totality of the circumstances and all relevant factors." *Alam v. Garland*, 11 F.4th 1133, 1135 (9th Cir. 2021) (en banc).

2. Nor did the BIA err in upholding the IJ's determination that Melendez failed to provide corroborating evidence in support of his claims. "[W]here it is reasonable to expect corroborating evidence for certain alleged facts pertaining to

2

the specifics of an applicant's claim, such evidence should be provided," or an explanation should be given as to why it was not. *In re S-M-J-*, 21 I. & N. Dec. 722, 725 (BIA 1997) (en banc). Melendez claimed that two of his relatives were killed by guerrillas. Yet, he provided no documentary evidence corroborating the alleged killings. And, although Melendez claimed the threats to his family by guerrillas came in the form of written notes, he did not provide any of these written threats. The agency could conclude that Melendez "has not shown unavailability on this record." *See* 8 U.S.C. § 1252(b)(4) ("No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . unless the court finds . . . that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable.").

3. The adverse credibility finding supports the denial of asylum, withholding of removal, and CAT protection because "the remaining evidence in the record is insufficient" to establish Melendez's eligibility for relief. *Yali Wang v. Sessions*, 861 F.3d 1003, 1009 (9th Cir. 2017).

**PETITION DENIED.**